IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN THOMAS KOENIG,

    Petitioner,                    No. CIV S-10-0006 GGH P

    vs.

STATE OF CALIFORNIA,

    Respondents.                <u>ORDER</u>

_____/

I. <u>Introduction</u>

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This case is before the undersigned pursuant to both parties consent. Docs. 9, 11.

        Pending before the court is respondent's March 12, 2010 motion to dismiss on the grounds that this action is barred by the statute of limitations and it is unexhausted. Doc. 15. Petitioner filed an opposition on April 5, 2010, and respondent filed a reply. Docs. 16, 17. After carefully considering the entire record, the court orders that respondent's motion to dismiss be granted and this case closed.

II. <u>Motion to Dismiss</u>

        The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

        A 1-year period of limitation shall apply to an application for a writ

1

of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

On July 5, 2005, petitioner was sentenced to a determinate state prison term of twenty years after pleading guilty.  Motion to Dismiss (MTD) at 2; Lod. Doc. 1.  On November 1, 2005, the California Court of Appeal, Third Appellate District, at petitioner's request, dismissed his direct appeal.  Id.; Lod. Doc. 2, 3.  Petitioner did not seek review in the California Supreme Court.  Therefore, petitioner's conviction became final 10 days later on November 11, 2005, upon the expiration of time to seek review.  Cal. Ct. R. 8.500(e)(1).

Time began to run the next day, on November 12, 2005.  Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  Petitioner had one year, that is, until November 12, 2006, to file a timely federal petition, absent applicable tolling.  The instant action, filed November 9, 2009,[1] is not timely unless petitioner is entitled to statutory or equitable tolling.

Petitioner filed five state post-conviction collateral actions:

---

[1] The court affords petitioner application of the mailbox rule as to all his habeas filings in state court and in this federal court.  Houston v. Lack, 487 U.S. 266, 275-76, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities); Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003) (mailbox rule applies to pro se prisoner who delivers habeas petition to prison officials for the court within limitations period).  In any event, the mailbox rule is inconsequential in this case.

1. March 29, 2007: First habeas petition filed in Tehama County Superior Court. Lod. Doc. 4. The petition was denied on April 2, 2007.[2] Lod. Doc. 5.

2. August 25, 2007: Second habeas petition filed in Tehama County Superior Court. Lod. Doc. 6. The petition was denied on October 4, 2007. Lod. Doc. 7.

3. May 26, 2009: Third habeas petition filed in the California Supreme Court. Lod. Doc. 8. The petition was denied on October 28, 2009. Lod. Doc. 9.

4. January 4, 2010: Fourth petition filed in the California Court of appeal, Third Appellate District. Lod. Doc. 10. The petition was denied on January 14, 2010. Lod. Doc. 11.

5. January 24, 2010: Fifth petition filed in the California Supreme Court. Lod. Doc. 12. A review of the California Supreme Court website indicates that the petition was denied on February 24, 2010.

Petitioner filed the instant petition on November 9, 2009.

Statutory Tolling

Under AEDPA, the period of limitation is tolled while a "properly filed" application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d)(2). Petitions are properly filed so long as there was no unreasonable delay between the petitions, and if each petition is properly filed, then a petitioner is entitled to a tolling of the statute of limitations during the intervals between a lower court decision and the filing of a petition in a higher court during one complete round of appellate review ("interval tolling"). See Evans v. Chavis, 546 U.S. 189, 193-94, 126 S.Ct. 846, 163 L.Ed.2d 684 (2006).

The Supreme Court has explained that in order for a state habeas petition to be "properly filed" for purposes of statutory tolling, the petition's delivery and acceptance must be in compliance with the laws and rules governing such filings. Pace v. DiGuglielmo, 544 U.S. 408, 413-14, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). "[T]ime limits, no matter their form, are 'filing' conditions." Pace v. DiGuglielmo, 544 U.S. at 417. "When a post-conviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." Id. at 414.

---

[2] The Superior Court summarily denied the petition noting that petitioner and the prosecution stipulated to a 20 year term, that petitioner now challenges in one of his claims. Lod. Doc. 5.

Under such circumstances, the petitioner is not entitled to statutory tolling. Id. at 417.

In the instant case, petitioner's first state petition was filed March 29, 2007, more than four months after the statute of limitations for filing a federal petition expired. Petitioner is not entitled to statutory tolling for all five state petitions as all of these petitions were filed after the expiration of the limitations period which occurred on November 12, 2006. State habeas petitions filed after the one-year federal statute of limitations has expired do not revive the statute of limitations and have no tolling effect. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jimenez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

Even if for some reason petitioner's first state petition was deemed timely filed and the statute of limitations was tolled while it was pending, petitioner waited nearly five months to file his second state petition after the first state petition was denied. Petitioner waited for nearly 17 months between his second and third petition. Petitioner would not be entitled to tolling for these delays.[3] See Evans, 546 U.S. at 201; see also Gaston v. Palmer, 447 F.3d 1165, 1167 (9th Cir. 2006) (amending 417 F.3d 1030 (9th Cir. 2005) (petitioner not entitled to "gap" tolling for intervals between California state habeas filings of 15 months, 18 months, and 10 months, given length of delays, lack of clear statement from California legislature or courts that delays of such length were reasonable, and lack of explanation or justification for delays)); Culver v. Director of Corrections, 450 F.Supp. 2d 1135, 1140-41 (C.D. Cal. 2006) (unexplained, unjustified delays of 97 and 71 days between the denial of one state petition and the filing of the next petition constituted unreasonable delays such that the intervals cannot be tolled under Chavis).

Thus, the instant federal petition filed on November 9, 2009, is untimely unless petitioner is entitled to equitable tolling.

\\\\\

---

[3] There was also a delay of nearly 17 months between the second and third state petitions.

Equitable Tolling

While not specifically discussing equitable tolling in his opposition, petitioner contends that his appellate counsel abandoned him. While it is difficult to discern petitioner's argument that court will construe the argument as a request for equitable tolling.

In Calderon v. U.S. District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled on other grounds, Calderon v. U.S. District Court for Cent. Dist. of CA. (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc), itself abrogated by Woodford v. Garceau, 538 U.S. 202, 123 S. Ct. 1398 (2003), the Ninth Circuit found that the statute of limitations could be equitably tolled if extraordinary circumstances beyond a prisoner's control made it impossible to file the petition on time. "In addition, '[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling may be appropriate.'" Lott v. Mueller, 304 F.3d 918, 922 (9th Cir. 2002), quoting Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

Equitable tolling will not be available in most cases because tolling should only be granted if extraordinary circumstances beyond a prisoner's control make it impossible for him to file a petition on time. Beeler, 128 F.3d at 1288-89. As held in Beeler, "[w]e have no doubt that district judges will take seriously Congress's desire to accelerate the federal habeas process, and will only authorize extensions when this high hurdle is surmounted." 128 F.3d at 1289. "Mere excusable neglect" is insufficient as an extraordinary circumstance. Miller v. New Jersey Dept. of Corrections, 145 F.3d 616, 619 (3rd Cir. 1998). Moreover, ignorance of the law does not constitute such extraordinary circumstances. See Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir. 1986).

In the Calderon (Beeler) case, the Court of Appeals held that the district court properly found equitable tolling to allow Beeler more time to file his petition. Beeler's lead counsel withdrew after accepting employment in another state, and much of the work he left behind was not usable by replacement counsel – a turn of events over which the court found

5

Beeler had no control. The Court of Appeals held that the district court properly found these were "extraordinary circumstances" sufficient to toll the statute of limitations.[4] The Ninth Circuit also found extraordinary circumstances in Calderon v. U.S. Dist. Ct. (Kelly), supra, 163 F.3d 530. The three reasons given which independently justified tolling were: a district court stay which prevented petitioner's counsel from filing a habeas petition, mental incompetency until a reasonable time after the court makes a competency determination, and the fact that petitioner did at one time have timely habeas proceedings pending which were mistakenly dismissed, not as a result of any doing by petitioner. Id. at 541-42. See also Spitsyn v. Moore, 345 F.3d 796 (9th Cir. 2003) (sufficiently egregious misconduct by counsel, such as wholly deficient performance, may justify equitable tolling).

        A habeas petitioner bears the burden of proving that equitable tolling should apply to avoid dismissal of an untimely petition. Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814; Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009); see also Chaffer v. Prosper, 592 F.3d 1046, 1049 (9th Cir. 2010). "The petitioner must additionally show that 'the extraordinary circumstances were the cause of his untimeliness'...and that the 'extraordinary circumstances ma[de] it impossible to file a petition on time.'" Ramirez, supra, (internal citations omitted). "Equitable tolling is unavailable in most cases," and is only appropriate "if *extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time*." Miranda, supra, at 1066 (internal quotations/citations omitted [emphasis added in Miranda]). A petitioner must reach a "very high" threshold "to trigger equitable tolling [under AEDPA]...lest

---

[4] See also Baskin v. United States, 998 F. Supp. 188 (D. Conn. 1998), wherein the court applied equitable tolling where petitioner's attorney failed to notify him of the denial of a petition for certiorari until thirteen months after the denial was entered.

1   the exceptions swallow the rule." Id.

2   It appears that petitioner's appellate counsel advised petitioner to abandon his direct appeal, and petitioner complied.  Petitioner alleges that it was only much later that he realized that he may have viable claims and it would seem that was why he began filing state habeas petitions.  However, petitioner does not provide sufficient information concerning how his appellate counsel abandoned him.  Petitioner states that appellate counsel advised him that his claims had no merit and did not tell him about the federal statute of limitations.  While the actions of his attorney could serve as a basis for equitable tolling, see e.g. Holland v. Florida, ---S.Ct. ----, 2010 WL 2346549 (U.S.S.C. June 14, 2010), petitioner's bare and conclusory allegations are woefully inadequate and do not demonstrate extraordinary circumstances.[5] Normally, the court would at this juncture give petitioner an opportunity by way of declaration, submitted evidence, or evidentiary hearing to flesh out his contention about his lawyer. However, in this case, such a justification could only be asserted, if at all, up to the point of his first state petition.  At that time, petitioner knew of the claims he desired to make, and in any event, absolutely knew at that time that his counsel would not be helping him (assuming that he did not know that already due to the withdrawal of the direct appeal).  As petitioner has no right to counsel in habeas proceedings, the remaining substantial delays cannot be justified on an equitable basis.

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's March 12, 2010 motion to dismiss (Doc. 15) be granted and this case closed;

2. The court declines to issue a certificate of appealability in this case.

DATED: 08/17/2010              /s/ Gregory G. Hollow
                               U.S. MAGISTRATE JUDGE

GGH: AB - koen0006.mtd

---

[5] As the court has found that the instant petition is untimely it need not look to respondent's argument that petitioner failed to exhaust these claims.

7